USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/28/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------X
UNITED STATES OF AMERICA, :

-against- :

KALVIN THWAITES, :

Defendant. :
---------------------------------X

**19 CR 643 (VM)**

**ORDER**

**VICTOR MARRERO, U.S.D.J.:**

Counsel for the Defendant, with the consent of counsel for the Government (see Attached Letter), requests that the Court authorize a magistrate judge to conduct a plea proceeding by video teleconference under Section 15002(b) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which allows for felony plea proceedings to be held via video teleconferencing only when the district judge "in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." See also In re Coronavirus/COVID-19 Pandemic, Second Amended Standing Order re: Video Teleconferencing and Telephone Conferencing for Criminal Proceedings, 20 Misc. 176, Dkt. No. 3, at 3 (S.D.N.Y. Sept. 16 2020) (authorizing the use of video conferencing for felony pleas only upon a finding by the presiding judge that the "proceeding cannot be further delayed without serious harm to the interests of justice.").

The Court is persuaded that the plea in this case cannot be further delayed without serious harm to the interests of justice. The Defendant has been incarcerated at the MCC since September 2019 under pandemic conditions, and he cannot resolve a pending matter in state court until he has resolved this case. Further delay of his plea proceeding will prevent him from availing himself of the Government's plea offer and from resolving his pending matter in state court. Additionally, it is not certain when the Court will be able to conduct the Defendant's plea in person. Conducting the Defendant's plea remotely therefore "promotes judicial economy." Cohen, 2020 WL 2539115, at *2. It "preempt[s] the parties' [potential] motions to this Court requesting further scheduling changes." Id.; United States v. Portolyoni, No. 09 CR 674, 2020 WL 5604047, at *3 (S.D.N.Y. Sept. 18, 2020). It also avoids adding to "the existing backlog of cases in the federal court system" and the "deluge of [requests for] hearings once in-person proceedings can safely resume." Cohen, 2020 WL 2539115, at *2.

**SO ORDERED:**

Dated: New York, New York
28 October 2020

Victor Marrero
U.S.D.J.




# DIAZ & MOSKOWITZ, PLLC

Attorneys at Law

**John A. Diaz, Esq.**

**www.dmlawny.com**

October 13, 2020

***Via Email***
The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

***Re: United States v. Kalvin Thwaites, 19 Cr. 643 (VM)***

Dear Judge Marrero:

I represent the defendant, Kalvin Thwaites, having been appointed pursuant to the Criminal Justice Act. I write regarding the above captioned matter to request an order from the Court referring the matter to the on duty Magistrate Judge for a plea and to make a specific finding pursuant to the CARES Act that the on duty Magistrate Judge should conduct a remote plea hearing immediately. Pursuant to the CARES Act, for felony cases, "the district judge in a particular case [can] find [] for the specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, [and] the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available." Coronavirus Aid, Relief and Economic Security Act, 116 P.L. 136, 134 Stat. 281 (enacted Mar. 27, 2020) at § 15002(b)(2)(A).

Here, Mr. Thwaites has been incarcerated at the MCC since September 2019, after being produced from Riker's Island, where he is being detained on a felony matter. Since his incarceration Mr. Thwaites has endured several lockdowns as a result of security issues and COVID-19 restrictions while at the MDC. Additionally, Mr. Thwaites cannot resolve his pending state matter until he has resolved his federal case. On Febraury 27, 2020, the Government extended Mr. Thwaites a plea offer with a stipulated guideline range of 210 to 262 months' imprisonment. Upon further plea discussions, the Government amended the plea offer on July 27, 2020, to a significantly reduced stipulated guideline range of 168 to 210. Mr. Thwaites's case has been delayed several times as a result of the COVID-19 restrictions and is currently scheduled for a telephone conference on October 16, 2020. Further delay of his plea hearing will prevent Mr. Thwaites from availing himself of the Government's reduced offer, prevent him from resolving his pending State matter, and prevent him from accepting responsibility in this case. Counsel has spoken with Mr. Thwaites and he understands that he has

Garden City Office:
1225 Franklin Avenue
Suite 325
Garden City, NY 11530
(516) 686-6444

New York Office:
225 Broadway
Suite 715
New York, NY 10007
(212) 227-8208
Fax (212) 566-8165

a right to appear in person for his guilty plea, however, wishes to proceed with his plea hearing by phone or video teleconference.

I have discussed the instant request and the basis for the CARES Act finding sought by Mr. Thwaites with the assigned AUSA on this case and the Government consents to the instant application.

Respectfully submitted,

/s/

John A. Diaz, Esq.